# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2020

Lyle W. Cayce
Clerk

No. 18-11373

CHRISTOPHER THOMAS WOOLVERTON, in his individual capacity and as personal representative of the Estate of Christopher Douglas Woolverton, deceased,

Plaintiff-Appellant

v.

ANDREW GRATZ; MATTHEW SEYMOUR; LIEUTENANT MICHAEL GRUVER; MD CHARLES BITTLE, JR.; GREGORY DAVID,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-314

Before KING, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Christopher Douglas Woolverton died from medical complications while housed in a Texas prison. His son brought this lawsuit asserting claims of excessive force and deliberate indifference against numerous prison employees. In this appeal, he challenges the summary judgment dismissal of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11373

excessive force claims against multiple guards and a deliberate indifference claim against the doctor who treated Woolverton the day before his death.[1]

We agree with the grant of summary judgment in favor of these appellees essentially for the reasons given in the extensive district court rulings. The excessive force claim relates to the guards' extraction of Woolverton from his cell in administrative segregation so that he could visit the doctor for his medical problems. The guards knew Woolverton had a history of violent resistance toward prison staff, including an incident earlier that month when he spit at a guard and told him he was transmitting Hepatitis C while also yelling racial slurs at prison staff. The spitting incident was one of a number when Woolverton would pretend to be very sick and immobile but then turn violent when staff entered his cell. Armed with this knowledge, on the day in question the guards repeatedly requested that Woolverton stand and allow them to restrain him before they took him to the medical unit. Only after these repeated attempts to gain compliance failed did the guards deploy pepper spray through a slot in the cell door. After spraying for about two seconds, the guards again asked Woolverton to cooperate and sprayed a second time only after he did not do so. At that point, the guards entered the cell and physically extracted Woolverton, with no allegations of unnecessary force once the guards were in the cell. The two uses of pepper spray were not unreasonable given the threat the guards perceived, their repeated attempts to gain compliance before resorting to force, and the need to apply force so that Woolverton could receive medical attention.

---

[1] The appeal is from the entry of partial judgment under Federal Rule of Civil Procedure 54(b). That partial judgment does not include the deliberate indifference claim the court dismissed against nurse Debra Killian. Summary judgment was denied on an excessive force claim against Killian. After that claim is resolved and final judgment entered, plaintiff will be able to appeal any claims not included in the Rule 54(b) judgment.

No. 18-11373

Summary judgment was also appropriate on the deliberate indifference claim against Dr. Bittle.  Even if Woolverton could present evidence of negligence or even gross negligence, it would not rise to the extremely high threshold of deliberate indifference.  Plaintiff contends that Bittle did not adjust Woolverton's catheter size as much as Woolverton requested, but an incremental change in catheter size is a classic medical judgment.  As for Bittle's final examination of Woolverton, even if imperfect because he did not detect the kidney infection, there is no evidence to support the view that Bittle wantonly disregarded Woolverton's needs.  To the contrary, Bittle ordered the medical visit (which led to the extraction from the cell) and after the exam ordered that a stool sample on Woolverton's discarded clothes be tested for blood.  Those attempts to help Woolverton, though unfortunately not successful, are at odds with a finding of deliberate indifference to his medical needs.

AFFIRMED.